**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>KNIGHTO, LLC d/b/a KNIGHT SOLUTIONS; KNIGHT, LLC d/b/a KNIGHT SOLUTIONS CONSTRUCTION; and KMC SOLUTIONS, LLC,<br><br>               Defendants. | Civil Action No. 1:17-cv-1412 |

## **COMPLAINT**

Plaintiff Zurich American Insurance Company by way of Complaint against defendants Knighto, LLC d/b/a Knight Solutions; Knight, LLC d/b/a Knight Solutions Construction; and KMC Solutions, LLC, says:

## **THE PARTIES**

1. Plaintiff Zurich American Insurance Company (hereinafter "ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAIC is authorized to transact business and has transacted business in the Commonwealth of Virginia.

2. Defendant Knighto, LLC d/b/a Knight Solutions ("Knighto") is a limited liability company organized under the laws of the Commonwealth of Virginia with a principal place of

business at 208 S. King Street, Leesburg, Virginia 20175. Upon information and belief, the only principal of Knighto is Kevin Knight, a resident of Virginia.

3. Defendant Knight, LLC d/b/a Knight Solutions Construction ("Knight") is a limited liability company organized under the laws of the Commonwealth of Virginia with a principal place of business at 208 S. King Street, Leesburg, Virginia 20175. Upon information and belief, the only principal of Knight is Kevin Knight, a resident of Virginia.

4. Defendant KMC Solutions, LLC ("KMC") is a limited liability company organized under the laws of the Commonwealth of Virginia with a principal place of business at 208 S. King Street, Leesburg, Virginia 20175. Upon information and belief, the only principal of KMC is Kevin Knight, a resident of Virginia.

## JURISDICTIONAL ALLEGATIONS

5. The amount in controversy between the parties exceeds $75,000.

6. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

## FACTUAL BACKROUND

7. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 6 as if fully set forth herein.

8. ZAIC issued a policy of workers' compensation and employers liability insurance to Defendants under Policy No. WC 0217147-00 for the effective dates of December 1, 2015 to December 1, 2016 (the "WC Policy").

9. ZAIC issued a policy of general liability insurance to Defendants under Policy No. GLO 0217146-00 for the effective dates of December 1, 2015 to December 1, 2016 (the "GL Policy").

10. ZAIC issued a policy of business automobile liability insurance to Defendants under Policy No. BAP 0217145-00 for the effective dates of December 1, 2015 to December 1, 2016 (the "BA Policy").

11. ZAIC issued a policy of property protection insurance to Defendants under Policy No. CPP 0217757-00 for the effective dates of December 1, 2015 to December 1, 2016 (the "CP Policy"). The WC Policy, GL Policy, the BA Policy, and the CP Policy are collectively referred to as the "Policies."

12. The Policies are insurance contracts which provide insurance for certain liabilities of Defendants as set forth in the Policies.

13. ZAIC fulfilled its contractual obligations and provided the coverage afforded by the Policies.

14. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by Defendants regarding its estimated exposure (i.e. payroll, sales, etc.) for the effective dates of coverage.

15. Since initial premiums are based on estimated information, the Policies are subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

16. The audit of the WC Policy produced additional premiums in the amount of $206,326 owed, jointly and severally, by Defendants to ZAIC.

17. The audit of the GL Policy produced additional premiums in the amount of $11,503.67 owed, jointly and severally, by Defendants to ZAIC.

18. The audit of the BA Policy produced return premiums in the amount of $5,888.71 due to Defendants from ZAIC.

19. ZAIC has credited Defendants account with the return premiums for the BA Policy.

20. The audit of the CP Policy produced additional premiums in the amount of $6,557.00 owed, jointly and severally, by Defendants to ZAIC.

21. ZAIC issued invoices and/or demands for payment of the unpaid audit premiums for the Policies in a timely fashion.

22. Defendants made partial payments in the amount of $3,000 to ZAIC for the audit premiums of the Policies.

23. Defendants are currently indebted, jointly and severally, to ZAIC in the amount of $215,497.96 ($206,326.00 + $11,503.67 − $5,888.71 + $6,557.00 − $3,000) due to their failure and refusal to remit payment of the audit premiums.

24. Defendants have admitted to the validity of the debt and agreed that they owe $215,497.96 to ZAIC.

25. Defendants have failed and refused to remit full payment of the audit premiums for the Policies.

26. ZAIC has repeatedly demanded payment of the $215,497.96 balance owed by Defendant to ZAIC and attempted to collect same without success.

## COUNT ONE
(Breach of Contract)

27. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 26 as if fully set forth herein.

28. Defendants have failed, refused and continue to refuse to pay the $215,497.96 balance due and owing to ZAIC.

29. ZAIC has consistently met and fulfilled its contractual obligations to Defendants.

30. Defendants, through their failure and refusal to remit payment, have breached the contracts, i.e. the Policies.

31. Defendants' failure and refusal to pay the $215,497.96 balance which they owe, jointly and severally, to ZAIC has resulted in damages to ZAIC in the amount of $215,497.96.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally, in the amount of $215,497.96 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

### COUNT TWO
(Unjust Enrichment)

32. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 6 as if fully set forth herein.

33. ZAIC has provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

34. Defendants acknowledged and accepted the insurance coverage and related services provided by ZAIC.

35. Defendants benefitted from the insurance coverage and related services provided by ZAIC.

36. Defendants have been unjustly enriched by the insurance coverage and related services to ZAIC's detriment.

37. It would be unconscionable for Defendants to retain the benefits of the insurance coverage and related services without payment to ZAIC.

38. ZAIC has repeatedly demanded that Defendants remit payment for the insurance coverage and related services provided by ZAIC.

39. Defendants' failure and refusal to pay the $215,497.96 balance which they owe, jointly and severally, to ZAIC has resulted in damages to ZAIC in the amount of $215,497.96.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally. in the amount of $215,497.96 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

### COUNT THREE
(Account Stated)

40. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 31 as if fully set forth herein.

41. ZAIC presented a statement of account to Defendants on or about October 2, 2017.

42. Kevin Knight, on behalf of all Defendants, agreed that the statement of account was correct.

43. Kevin Knight, on behalf of all Defendants, promised to remit payment of the statement of account.

44. Defendants made partial payments for the statement of account.

45. Defendants, being indebted to ZAIC in the sum of $215,497.96 upon an account stated between them, promised to pay ZAIC said sum on demand.

46. ZAIC has demanded payment of the amount due and owing from Defendants to ZAIC on numerous occasions prior to filing the instant litigation.

47. ZAIC have attempted to collect the amount due and owing from Defendants to ZAIC without success.

48. Defendants' failure and refusal to pay the $215,497.96 balance which they owe, jointly and severally, to ZAIC has resulted in damages to ZAIC in the amount of $215,497.96.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally. in the amount of $215,497.96 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

<u>December 11, 2017</u>　　　　　　　　　　　Respectfully submitted,
Date

　　　　　　　　　　　　　　　　　　　　BRESSLER, AMERY & ROSS, P.C.


　　　　　　　　　　　　　　　　　　　　<u>/s/ Stuart D. Roberts</u>
　　　　　　　　　　　　　　　　　　　　Stuart D. Roberts, Virginia Bar # 41845
　　　　　　　　　　　　　　　　　　　　2001 Park Place North, Suite 1500
　　　　　　　　　　　　　　　　　　　　Birmingham, Alabama 35203
　　　　　　　　　　　　　　　　　　　　T: (205) 719.0400
　　　　　　　　　　　　　　　　　　　　F: (205) 719.0500
　　　　　　　　　　　　　　　　　　　　sroberts@bressler.com


　　　　　　　　　　　　　　　　　　　　Dennis E. Kadian (to be admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　325 Columbia Turnpike
　　　　　　　　　　　　　　　　　　　　Florham Park, New Jersey 07932
　　　　　　　　　　　　　　　　　　　　(973) 514-1200
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*